UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
FELIX ELINSON and ALPINE PROCESSING CORP.

                                Index No.: _____

                       Plaintiffs,

                -against-

ALEX FLEYSHMAKHER, BYTOX CORPORATION,
INC. and BYTOX PATCH LLC


                    Defendants.
------------------------------------------------------------------X

## SUMMONS IN A CIVIL ACTION

To: Alex Fleyshmakher
     211 Walnut Drive
     Morganville, New Jersey 07751


To: Bytox Corporation
     1733 Sheepshead Bay Road Suite #25
     Brooklyn, New York 11235

To: Bytox Patch LLC
     1733 Sheepshead Bay Road Suite #25
     Brooklyn, New York 11235

      A lawsuit has been filed against you.

      Within 21 days after service of this summons on you (not counting the day you received it) or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) – you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney.

      If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____            _____
                                                                    Signature of Clerk or Deputy Clerk

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
FELIX ELINSON and ALPINE PROCESSING CORP.

           Index No.: _____

           Plaintiffs,

      -against-

**VERIFIED COMPLAINT**

ALEX FLEYSHMAKHER, BYTOX CORPORATION,
INC. and BYTOX PATCH LLC

           Defendants.
-------------------------------------------------------------------X

      Plaintiffs Felix Elinson (hereinafter "Plaintiff Elinson") and Alpine Processing Corp. (hereinafter "Plaintiff Alpine" and collectively, "Plaintiffs"), by and through his attorneys, Sinayskaya Yuniver, P.C., hereby files this Verified Complaint against Defendant Alex Fleyshmakher (hereinafter "Defendant Fleyshmakher, Bytox Corporation, Inc. (hereinafter Defendant "Bytox Corp" ), and Bytox Patch LLC (Defendant "Bytox Patch") collectively, "Defendants") and respectfully sets forth and alleges the following upon information and belief, unless stated otherwise.

## NATURE OF THE ACTION

    1.    Plaintiffs brings this action to protect his interest in the registered trademark, U.S. Reg. No. 6,491,414 for BYTOX (the "Mark"), and establish his rights to an ownership interest in, and his share of the profits from, Defendant Bytox Corp.

    2.    Plaintiff Alpine is the valid holder of the Mark as stated by the Mark's registration with the United States Patent and Trademark Office.

    3.    Plaintiff Elinson and Defendant Fleyshmakher entered into a Stock Share Transfer Agreement on or about April 8, 2021 where Defendant Fleyshmakher would transfer all title of 22.5% of overall shares of the company and all dividends related to those shares of the company

1

and subsidiaries known as Bytox NA, Defendant Bytox Patch LLC, and Bytox Hangover Patch of Company, and all other Bytox.com subsidiaries registered under the laws of New Jersey.

4. Following the Stock Purchase Agreement, Defendant Fleyshmakher transferred the title of the shares into a irrevocable trust in a fraudulent manner and without the consent of Plaintiffs.

5. Plaintiffs seeks an Order pursuant to 28 U.S.C. § 2201(a) and 5 U.S.C. § 1121(a) from this Court that he is a proper owner of the Mark.

6. Plaintiffs further seeks a declaration from this Court that he hold a 22.5% interest in Defendant Bytox Corp.

**PARTIES**

7. Plaintiff Elinson is an individual who resides in the State of New Jersey, Monmouth County.

8. Plaintiff Alpine Processing Corp. is a corporation who is incorporated duly organized and existing under the laws of the State of New York, with a primary place of business located at 5 Hillcrest Road, Morganville, New Jersey, 07751.

9. Upon information and belief, Defendant Fleyshmakher is an individual who resides in the State of New Jersey.

10. Upon information and belief, Defendant Bytox Corp is a Business Corporation who is incorporated duly organized and existing under the laws of the State of New Jersey, with a primary place of business located at 1733 Sheepshead Bay Road Suite #25, Brooklyn New York.

11. Upon information and belief, Defendant Bytox Patch LLC is a Business Corporation who is incorporated duly organized and existing under the laws of the State of New

Jersey, with a primary place of business located at 1733 Sheepshead Bay Road Suite #25, Brooklyn New York.

## JURISDICTION AND VENUE

12. Plaintiff's claim for declaratory relief is brought under 28 U.S.C. § 2201, and under the Lanham Act, 15 U.S.C. § 1121(a).

13. This court has federal questions subject jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a), and 15 U.S.C. § 1121(a).

14. This Court has supplemental jurisdiction over Plaintiffs claim for declaratory relief as to his membership interest in Defendant Bytox under 28 U.S.C. § 1367(a).

## FACTUAL ALLEGATIONS

15. Plaintiff Elinson and Defendant Fleyshmakher have routinely entered into business agreements with one on another regarding the registered Mark in which they were in the business of advertising, marketing, distributing, and selling various products bearing the Mark.

16. Plaintiff Elinson first used the Mark in commerce on or about October 1, 2012 and was granted a registered trademark for the Mark on or about December 8, 2020.

17. On or about July 19, 2022 Defendant Bytox Patch filed a petition to cancel Plaintiffs valid trademark to the Mark.

18. On or about January 21, 2020, Plaintiffs and Defendant Bytox entered into a contractual agreement where Plaintiffs would obtain the exclusive right to promote, distribute and sell the products of Defendant Bytox.

19. After Defendant Bytox failed to perform their obligations under the contract, the parties entered into a Stock Purchase Agreement (the "Agreement") on or about April 8, 2021,

3

where Defendant Fleyshmakher would transfer all title of 22.5% of overall shares and dividends related to Defendant Bytox Corp.

20. Defendant Fleyshmakher currently owns at least 45% of Defendant Bytox Corp. and is the registered proprietor of those shares or stocks of Defendany Bytox Corp.

21. After failing to perform his obligations and conditions under the Agreement, Defendants agreed to contract and give Plaintiffs a 25% ownership share of all Defendant corporations and subsidiaries sales involving the Mark, which was determined by calculating Plaintiff Elinson's fair share of contribution to the success of the Mark and the sales and distribution of products bearing the Mark.

22. After refusing to assign the shares of Defendant Bytox Corp. to Plaintiffs, Defendant Fleyshmakher then fraudulently transferred the shares owed to Plaintiffs into an irrevocable trust on June 22, 2022 to avoid the transfer of shares to Plaintiffs.

23. The transfer to the irrevocable trust was done in manner to defraud Plaintiffs of their contractually obtained shares of Defendant Bytox Corp.

24. In a manner to continue their fraudulent actions, Defendant Fleyshmakher transferred the shares to an irrevocable trust without the consent of Plaintiffs, who became the rightful owners of the shares on April 8, 2021, by way of contract.

25. Plaintiff Elinson helped brand the Mark, and the accompanying packaging for the products bearing the Mark.

26. The Mark, brand, its product and concept, and all relevant trade dresses were promoted with the help of Plaintiff Elinson.

**FIRST CLAIM FOR RELIEF**
**(Declaratory Relief- Trademark- Against All Defendants)**

27. Plaintiffs incorporate and reiterate all of the allegations made in the paragraphs above as though each and every allegation were set forth in its entirety herein.

28. Plaintiff Elinson has made use of the Mark since its creation and continues to use it following its registration.

29. Plaintiff Elinson has never abandoned the Mark and has a rightful interest in the mark.

30. Plaintiff Elinson is entitled to a declaration from this Court that Elisnon has an ownership right in the Mark.

**SECOND CLAIM FOR RELIEF**
**(Declaratory Relief- LLC Membership Interest- Against Defendant Bytox Corp)**

31. Plaintiffs incorporate and reiterate all of the allegations made in the paragraphs above as though each and every allegation were set forth in its entirety herein.

32. Plaintiff Elinson and Defendant Fleyshmakher entered into a Stock Share Transfer Agreement where Defendant Fleyshmakher would transfer all title of 22.5% of overall shares of Defendant Bytox Corp and all dividends related to the company and subsidiaries of Defendant Bytox Corp.

33. Plaintiffs and Defendants conducted themselves under the terms of the Agreement and operated Defendant Bytox Corp as if in fact, Plaintiffs had an interest share in Defendant Bytox Corp.

34. However, Defendant Fleyshmakher refused to assign his rights in Defendant Bytox Corp despite entering into a contractual agreement to do so.

35. Because of Plaintiff Elinson's involvement in the planning, development, and growth of Defendant Bytox Corp, Plaintiffs is entitled to a declaration that Plaintiff has a 22.5% interest in Defendant Bytox Corp.

### THIRD CLAIM FOR RELIEF
### (Breach of Contract- Against Defendant Fleyshmakher and Defendant Bytox Corp)

36. Plaintiffs incorporate and reiterate all of the allegations made in the paragraphs above as though each and every allegation were set forth in its entirety herein.

37. Plaintiffs entered into a contract with Defendant Fleyshmakher where Defendants would transfer all title of 22.5% of overall shares of the company and all dividends related to those shares of the company and subsidiaries known as Bytox NA, Bytox Patch LLC, and Bytox Hangover Patch of Company, and all other Bytox.com subsidiaries registered under the laws of New Jersey.

38. Plaintiffs performed all conditions precedent to entitle them to the interest. However, Defendants failed to transfer the entitled ownership interest in the company.

39. Defendants have failed to perform pursuant to the contract and the performance has neither been waived nor excused.

40. Consequently, Defendants have breached the contract.

41. As a result Defendants breach, Plaintiffs have been damaged in an amount to be determined at trial but in no event less than $1,000,000.00.

### FOURTH CLAIM FOR RELIEF
### (Fraud- Against All Defendants)

42. Plaintiffs repeat and reiterate all of the allegations made in the paragraphs above as though each and every allegation were set forth in its entirety herein.

43. On or about January 21, 2020, Plaintiffs and Defendant Bytox entered into a contractual agreement where Plaintiffs would obtain the exclusive right to promote, distribute and sell the products of Defendant Bytox.

44. After failing to comply with the terms of the exclusive agreement, Plaintiffs and Defendant Fleyshmakher entered into a contractual agreement on or about April 8, 2021, where Defendant Fleyshmakher agreed to transfer title of 22.5% of his 45% ownership of Defendant Bytox Corp. to Plaintiffs.

45. The Agreement stated that Defendant Fleyshmakher "transfers absolutely all title of 22.5% percent of overall shares of the ""company"" and all dividends related to the shares to be distributed on a quarterly basis to the transferee (Plaintiffs)."

46. After contractually agreeing to transfer the shares to Plaintiffs, in a manner to defraud Plaintiffs, Defendant Fleyshmakher then fraudulently transferred the shares owed to Plaintiffs into an irrevocable trust on or about June 22, 2022 to avoid the transfer of shares to Plaintiffs.

47. The transfer of the shares to the irrevocable trust was done in a fraudulent manner.

48. The transferred shares are property that belong to Plaintiffs.

49. Plaintiffs have suffered substantial damages as a result of Defendants fraud including lost compensation in profits.

50. As a result of Defendants fraudulent actions, Plaintiffs have suffered monetary damage in an amount to be determined in trial, but in no event less than $1,000,000.00.

**FIFTTH CLAIM FOR RELIEF**
**(Accounting- Against All Defendants)**

51. Plaintiffs incorporate and reiterate all of the allegations made in the paragraphs above as though each and every allegation were set forth in its entirety herein.

52. On April 8, 2021, Plaintiffs and Defendants entered into the Agreement on or about April8, 2021 where Defendant Fleyshmakher would transfer all title of 22.5% of overall shares of Defendant Bytox Corp to Plaintiff.

53. As part of the Agreement, Plaintiffs would be entitled to all dividends from Defendant Bytox Corp and all subsidiaries registered under the laws of New Jersey including but not limited to Bytox NA, Bytox Patch LLC, and Bytox Hangover Patch of Company.

54. Defendants have failed to account to Plaintiffs the dividends and monies received by Defendants in regard to the Agreement or to any money received by Defendants use of the Mark.

55. As a consequence of the foregoing, Plaintiff is entitled to a full and complete accounting of any and all moneys obtained by Defendants which Plaintiffs have a rightful property interest in.

56. Plaintiffs are also entitled to a full and complete accounting of all moneys that have been misapplied, misappropriated, unpaid and due.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs requests that the Court grant the following relief against Defendants:

1. For a declaration that Plaintiffs have an ownership right in the Mark;
2. For a declaration that Plaintiff Elinson has an ownership interest of at least 22.5% in Defendant Bytox Corp.;
3. For judgment on Plaintiffs breach of contract claim, and an award of damages in an amount to be determined at trial but in no event less than $1,000,000.00;

4. For a judgment on Plaintiffs fraud claim, and an award of damages in an amount to be determined at trial but in no event less than $1,000,000.00;

5. For an accounting of all moneys that have been collected by Defendants relating to the Mark, Defendant Bytox Corp., and any all subsidiaries related to Defendant Bytox Corp since April 8, 2022; and

6. Any such further relief as the Court may deem just and equitable.

### DEMAND FOR JURY TRIAL

Pursuant to Federal Rule Civil Procedure 38, Plaintiffs' hereby respectfully demands a trial by jury for all issues triable of right by a jury.

Dated: September 1, 2022
      Brooklyn, New York

/s/ Steven R. Yuniver, Esq.
Steven Yuniver, Esq.
Sinayskaya Yuniver, P.C.
710 Avenue U
Brooklyn, NY 11223
T: (718) 402-2240
F: (718) 305-4571
Steve@sypcl.com

9

## **VERIFICATION**

Steven R, Yuniver, Esq., duly appointed to practice law before this Court, pursuant to 28 U.S.C §1746, I declare and verify under penalty of perjury that the facts contained in the foregoing Verified Complaint are true and correct to my knowledge and as to those stated upon my information and belief, I truly believe them to be fully true.

Dated: September 1, 2022
      Brooklyn, New York

/s/ Steven R. Yuniver, Esq.
Steven Yuniver, Esq.
Sinayskaya Yuniver, P.C.
710 Avenue U
Brooklyn, NY 11223
T: (718) 402-2240
F: (718) 305-4571
Steve@sypcl.com
